FILED

10/07/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0672

DA 24-0672

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 230N

DANIELA VACCARO,

      Petitioner and Appellant,

   v.

THREE FORKS AREA AMBULANCE SERVICE,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause Nos. DV 2023-408 and
                DV 2023-1053
                Honorable Andrew Breuner, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      David B. Gallik, Gallik Law Office, PLLC, Helena, Montana

      For Appellee:

      J. Stuart Segrest, Vicki Bignell, Christensen & Prezeau, PLLP,
      Helena, Montana

Submitted on Briefs:  September 24, 2025

Decided:  October 7, 2025

Filed:

_____
                      Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Daniela Vaccaro (Vaccaro) appeals from the Order on Judicial Review entered by the Eighteenth Judicial District Court, Gallatin County, which affirmed Final Agency Decisions made by the Human Rights Commission (HRC) on two complaints filed by Vaccaro against the Three Forks Area Ambulance Service (TFAAS), each complaint alleging discrimination in employment by retaliation. Noting that the allegations of the two complaints both involved claimed mistreatment of Vaccaro by TFAAS that was close in time and "for the same or similar reasons," the District Court consolidated the two administrative appeals from the agency, and the appeal to this Court has been taken from this singular proceeding. Upon review, we affirm.

¶3      TFAAS is a nonprofit, volunteer ambulance service that operates in the Three Forks area. It is governed by a Board consisting of five volunteers. In February 2021, Vaccaro obtained her emergency medical technician (EMT) license, and began volunteering with TFAAS as a probationary EMT. Her husband also volunteers for TFAAS as an EMT and board member. Vaccaro was dismissed from her service with TFAAS in June 2021, and, in August 2021, filed a marital status discrimination claim against TFAAS with the HRC. The parties resolved that claim by way of a no-fault settlement agreement, whereupon

Vaccaro resumed her volunteer EMT service with TFAAS. At the first meeting thereafter, Vaccaro asked if she could provide training for TFAAS volunteers on the administration of Naloxone, or "Narcan." That request was ultimately denied by the Board, after which Vaccaro filed a complaint with the HRC alleging discrimination by retaliation, assigned number HRB Case No. 0220495. Vaccaro alleged the Board had denied her request to train in retaliation for her filing of the original marital discrimination claim.

¶4 The HRB investigator obtained a response to the complaint from TFAAS, which denied the allegations. The investigator noted that, in reply, Vaccaro submitted "attachments totaling seventy-five pages, most of which was not relevant to her claim," but which contained additional allegations of adverse actions. The investigative report stated that "[t]his investigator explained to Vaccaro that she would need to amend her complaint for those allegations to be investigated, but she opted not to amend." Vaccaro disputes this characterization, and argued, as the District Court noted, that the investigator "misled her about the opportunity to add or amend claims during the investigative process."

¶5 Proceeding on the complaint as constituted, the investigator first determined upon the stipulated facts that TFAAS had subjected Vaccaro to a significant adverse act, that being the selection of an outside trainer (Dr. John Andrews) to present the Narcan training instead of Vaccaro, within six months of the resolution of Vaccaro's marital discrimination claim. Consequently, pursuant to Admin. R. M. 24.9.603(3), the investigator concluded that TFAAS bore the burden "to prove by a preponderance of evidence that it did not retaliate against Vaccaro for engaging in protected activity." Turning to the evidence, the investigator found that, although a formal process was not conducted for selection of a

3

trainer, the evidence showed that "Dr. Andrews, a trainer well known to TFAAS, offered extensive medical experience and hands on administration of Narcan in emergencies. In contrast, Vaccaro offered limited EMT experience and no experience administering Narcan outside of a classroom setting." Citing further evidence about expressions of concern regarding Vaccaro's limited experience, the investigator concluded that "TFAAS is able to overcome the disputable presumption that it retaliated against Vaccaro for engaging in protected activity."

¶6 Shortly thereafter, Vaccaro filed the second discrimination by retaliation claim, which was given claim number HRB Case No. 0230107 and assigned to a different investigator. Vaccaro alleged that the Board had required her to complete a skills test, engaged in an argument with her, and excluded her from meetings and communications in retaliation for her filing of the original marital discrimination claim and the first discrimination by retaliation claim, and had thus created a hostile work environment. She also filed with the HRC an objection to the investigator's report in the first retaliation claim.

¶7 On the second retaliation claim, the investigator concluded that because Vaccaro had filed a complaint with HRB in July 2022, and had been asked to perform a skills test and received the alleged aggressive behavior by TFAAS board members in August 2022, her complaint "create[d] a disputable presumption [TFAAS] acted against Vaccaro in retaliation for her complaint" under Admin. R. M. 24.9.603(3). Assessing the evidence, the investigator found that Vaccaro was not the only EMT who was asked to perform a skills test for administration of Narcan, and that other EMTs had completed the test. The investigator also found that, while the timing of the test request created a disputable

4

presumption of retaliation, Vaccaro had been on vacation in the time preceding the August 2022 request. The investigator noted TFAAS's position that Vaccaro was not removed from communications, but rather, had taken a leave of absence, was supported by the evidence, such that "the opportunities for Vaccaro to take the test were limited by her own choices," and that she "seems to have removed herself from being included in any [TFAAS] trainings." Further, the investigator found that the evidence did not support Vaccaro's assertion that board members had acted aggressively or improperly toward her in the meeting of August 1, 2022. The investigator concluded that "[TFAAS] is able to overcome the disputable presumption that it retaliated against Vaccaro for engaging in protected activity."

¶8 On appeal to the HRC, Vaccaro argued that the investigator had failed to interview a witness, Sue Foreman, who had been in attendance at the January 2022 meeting giving rise to the first retaliation claim regarding Narcan training, and disputed the investigator's factual findings. During the oral argument before the HRC in March 2023, some comments were offered by two members of the Board, before the Chair admonished against further comments. Vaccaro also filed an objection with the HRC to the investigative report on her second retaliation claim, and oral argument was conducted by the HRC on that claim in September 2023. Final Agency Decisions were thereafter entered for both claims. In each Decision, the HRC concluded that, upon consideration, including whether the investigator had acted without conscientious judgment, "the determination of the Department to dismiss the complaint in this case is not an abuse of discretion," and that Vaccaro's objection was overruled. Vaccaro filed appeals in both cases to the District Court.

¶9　　The District Court received oral argument, summarizing therefrom that "Vaccaro's argument was primarily based on factual disagreements she had with the facts in the [investigative reports]," and the shortcomings of the investigations, including the failure to interview all of the witnesses named by Vaccaro, specifically, Sue Foreman. However, the District Court reasoned that it did not appear "that the investigators were somehow selective in seeking out witnesses that would not support Vaccaro's versions of events. Rather, both investigations appeared to be comprehensive," including "the opportunity [for Vaccaro] to provide her position and a rebuttal." Regarding Claim No. 0220495, the District Court noted that, while it was not clear why Foreman was not interviewed, nonetheless Vaccaro had not been prejudiced in any material way as the Narcan training issue was resolved by evidence demonstrating the superior qualifications of Dr. Andrews to teach the training, Vaccaro's inexperience, and the lack of any retaliatory intention in the making of that decision, stating "it would have been a stretch" on the record to conclude TFAAS had precluded Vaccaro from teaching as a form of retaliation. Regarding Claim No. 0230107, the District Court noted that, during the oral argument before the HRC in September 2023, "Vacarro provided a lengthy explanation as to why she refused to participate in what appears to have been a routine skills assessment for the administration of Narcan in an emergency situation," using a "kind of reasoning [that] seems to have typified Vaccaro's perception of [TFAAS's] actions towards her—even where there were alternative and more rational explanations." The District Court concluded there was no basis for reversing or amending the HRC's determinations in either claim. Vaccaro appeals.

6

¶10 The Montana Administrative Procedure Act (MAPA) governs actions brought before the Human Rights Commission. *Blaine Cnty. v. Stricker*, 2017 MT 80, ¶ 16, 387 Mont. 202, 394 P.3d 159. The standard of judicial review of an agency decision under MAPA provides in pertinent part:

> (2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because:
> > (a) the administrative findings, inferences, conclusions, or decisions are:
> > > (i) in violation of constitutional or statutory provisions;
> > > (ii) in excess of the statutory authority of the agency;
> > > (iii) made upon unlawful procedure;
> > > (iv) affected by other error of law;
> > > (v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
> > > (vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Section 2-4-704(2), MCA; *Stricker*, ¶ 16. "This standard of review applies to both the District Court's review of the agency's decision and this Court's subsequent review of the District Court's decision." *Stricker*, ¶ 16.

¶11 Vaccaro argues that the investigators acted arbitrarily in conducting their respective investigations, particularly the failure to interview Foreman, and entered incorrect findings; that the HRC employed the incorrect standard of review by concluding the investigators had not acted without conscientious judgment and thereby imposed a burden of proving such a standard on Vaccaro; and erred by permitting the TFAAS board members to comment during oral argument. She thus asks that the District Court's decision be reversed. TFAAS responds that Vaccaro is asking the Court to substitute its judgment for

the agency factfinders, whose findings were supported by substantial evidence; that the HRC employed the correct standard of review; that Vaccaro acknowledged that Foreman, the omitted witness, did not have direct knowledge of events affecting the dispositive issue; and that any procedural error arising from the comments made by TFAAS board members at the oral argument before the HRC did not prejudice Vaccaro's "substantial rights" such that reversal would be justified. Section 2-4-704(2), MCA.

¶12 Upon review of the administrative record, we agree with the District Court that the investigations into Vaccaro's complaints were comprehensively conducted, an apparent effort to leave no stone unturned to review her allegations. Vaccaro correctly argues that the timing of her allegations in relation to the original marital discrimination complaint entitled her to "a disputable presumption [of] retaliation against [her] for engaging in protected activity," but both investigators were careful to explain and apply this entitlement before explaining that the evidence had rebutted the presumptions. On review, the District Court agreed, reasoning that both investigators had concluded "there was not credible evidence to support Vaccaro's claims." Even assuming that a witness was overlooked, and that procedural error occurred in the first HRC oral argument, there is not a compelling position that either of these resulted in substantial prejudice to Vaccaro or otherwise grounded the decision on "unlawful procedure" or other "error of law." Section 2-4-704(2)(iii), (iv), MCA. Nor do we conclude that the HRC's use of "without conscientious judgment" improperly imposed an additional legal burden upon Vaccaro in demonstrating an investigator abused her or his discretion in adopting findings of fact and conclusions of law.

8

¶13    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court did not err in affirming the Final Agency Decisions entered by the HRC herein.

¶14    Affirmed.

/S/ JIM RICE

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA